1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON Y. M.,                      No.  1:25-cv-01962-SKO (HC)

12              Petitioner,              **ORDER GRANTING PETITION FOR
                                         WRIT OF HABEAS CORPUS,**
13         v.                            **DISMISSING MOTION FOR
                                         TEMPORARY RESTRAINING ORDER,**
14   TONYA ANDREWS, Warden of the        **DIRECTING RESPONDENTS TO
     Golden State Annex, et al.,**       **PROVIDE A BOND HEARING BEFORE
15                                        AN IMMIGRATION JUDGE, AND**
                Respondents.             **DIRECTING THE CLERK OF COURT TO
16                                        ENTER JUDGMENT**

17

18         This habeas action concerns the re-detention of Petitioner Brandon Y.M.[1], a noncitizen

19   who was initially detained and then released in 2022 by immigration authorities, but who was

20   recently re-detained. This matter is before the Court on the petition and Petitioner's motion for

21   temporary restraining order. (Docs. 1, 2.) For the reasons explained below, the petition will be

22   granted.[2] As Petitioner will be granted the relief he seeks – a bond hearing – the motion for

23   temporary restraining order will be dismissed as moot.

24   _____

25   [1] As recommended by the Committee on Court Administration and Case Management of the Judicial
     Conference of the United States, the Court omits Petitioner's full name, using only his first name and last
     initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social
26   Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial
     Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-
27   suggestion_cacm_0.pdf..
     [2] The parties consented to magistrate jurisdiction, (*see* Docs. 7, 10, 11), and therefore the Petition will be
28   adjudicated by the undersigned.

                                        1

1

**BACKGROUND**

2          Petitioner is a citizen of Mexico who has resided in the United States since December of

3  2020. (Doc. 1 at 11.)

4          On March 21, 2025, Petitioner filed a petition for U-Nonimmigrant Status with USCIS.

5  (Doc. 1 at 12.) Petitioner expressed a fear of returning to Mexico due to the violence and

6  persecution he faced due to his ethnicity and particular social group. (Doc. 1 at 12.)

7          On September 25, 2025, Petitioner's spouse was detained by Immigration and Customs

8  Enforcement ("ICE"). (Doc. 1 at 11.) ICE officers requested she bring Petitioner to her check-in

9  appointment in San Francisco. (Doc. 1 at 11.) On September 26, 2025, Petitioner accompanied his

10  spouse and was arrested and detained by ICE. (Doc. 1 at 11.)

11          The Department of Homeland Security ("DHS") placed Petitioner in removal proceedings

12  under 8 U.S.C. § 1229a, charging Petitioner with inadmissibility under 8 U.S.C. §

13  1182(a)(6)(A)(i) as someone who had entered the United States without inspection. (Doc. 1 at

14  12.)

15          On December 5, 2025, Petitioner requested a bond redetermination hearing before an

16  immigration judge. (Doc. 1 at 13.) The immigration judge denied bond concluding he did not

17  have jurisdiction over Petitioner's bond request. (Doc. 1 at 13.)

18          On December 22, 2025, Petitioner filed the instant petition for writ of habeas corpus,

19  (Doc. 1), and a motion for temporary restraining order, (Doc. 2). He contends in both filings that

20  he is a member of the *Maldonado Bautista*[3] class and therefore entitled to consideration for

21  release on bond under 8 U.S.C. § 1226(a). On December 22, 2025, the District Court issued an

22  order directing Respondents to show cause why the motion should not be granted. (Doc. 4.)

23  Petitioner was also provided an opportunity to file a reply. On December 30, 2025, Respondents

24  filed an opposition to the motion. (Doc. 8.) Respondents advised that the response served as a

25  combined response to order to show cause, habeas corpus petition, and request for injunctive

26  relief. (Doc. 8, *see* footer.) Petitioner filed a reply on January 5, 2026. (Doc. 9.)

27

28  _____

[3] *Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

2

1

**LEGAL STANDARD**

2          The Constitution guarantees the availability of the writ of habeas corpus "to every

3    individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

4    (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

5    custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

6    release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

7    corpus may be granted to a Petitioner who demonstrates that he is in custody in violation of the

8    Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

9    served as a means of reviewing the legality of Executive detention, and it is in that context that its

10    protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

11    district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

12    *Davis*, 533 U.S. 678, 687 (2001).

13

**DISCUSSION**

14          Petitioner contends he was wrongly denied consideration for release on bond because of

15    Respondents' erroneous determination that he is subject to detention under 8 U.S.C. §

16    1225(b)(2)(A). (Doc. 1 at 2.) Petitioner acknowledges a bond hearing was held before an

17    immigration judge; however, the immigration judge denied bond finding he lacked jurisdiction to

18    grant release on bond. (Doc. 1 at 2-4.) Petitioner alleges he is a member of the *Bautista*

19    *Maldonado* class and therefore entitled to bond consideration pursuant to the class action. (Doc. 1

20    at 3.)

21          Respondents argues that Petitioner is being detained under two statutes: § 1225(b)(2) and

22    § 1226(c). (Doc. 8 at 2.) Respondents deny that Petitioner is a member of the *Bautista Maldonado*

23    class, and contend his arrest for battery with serious bodily injury qualifies for mandatory

24    detention under § 1226(c)(1)(E) (the "Laken Riley Act" or "LRA") and in turn excludes him from

25    the class. (Doc. 8 at 3.) Respondents further claim Petitioner's mandatory detention under §

26    1226(c), without any access to a bond hearing, is constitutional. (Doc. 8 at 5.) Ultimately,

27    Respondents contend Petitioner is not entitled to injunctive relief. (Doc. 8 at 7-9.)

28          In his reply, Petitioner maintains he is not subject to § 1225(b)(2). As to Respondents'

3

argument that his arrest for battery with serious bodily injury under the LRA excludes him from the class and subjects him to mandatory detention under § 1226(c), Petitioner responds that his arrest does not qualify under the LRA for several reasons. (Doc. 9 at 4-6.) And to the extent his arrest does qualify, Petitioner contends the LRA is unconstitutional as applied to him. (Doc. 9 at 6.)

The Court will address the two alleged bases for detention in turn.

I.      8 U.S.C. § 1225(b)(2)

The Court first addresses Respondent's first argument that § 1225(b)(2) provides a basis for Petitioner's mandatory detention.  As Respondents acknowledge, this court and countless other courts have ruled that § 1225(b)(2) applies to aliens who are on the "threshold of initial entry" seeking admission into the country, *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958), whereas § 1226(a) applies to aliens such as Petitioner who are already present in the country and are now subject to inadmissibility because they previously entered the country without being admitted or paroled.[4]

[4] *See, e.g.*, *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *2 (E.D. Cal. Nov. 23, 2025); *Garcia-Donis v. Noem*, No. 3:25-CV-03281-BTM-BJW, 2025 WL 3467385, at *1 (S.D. Cal. Dec. 3, 2025); *Pico v. Noem*, No. 25-CV-08002-JST, 2025 WL 3295382, at *3 (N.D. Cal. Nov. 26, 2025); *P.T. v. Hermosillo*, No. C25-2249-KKE, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025); *Elias v. Knight,*, No. 1:25-CV-00594-BLW, 2025 WL 3228262, at *7 (D. Idaho Nov. 19, 2025); *Ortiz v. Bernacke*, No. 2:25-CV-01833-RFB-NJK, 2025 WL 3237291, at *3 (D. Nev. Nov. 19, 2025); *Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *6 (D. Haw. Oct. 10, 2025); *Benitez v. Noem*, No. 5:25-cv-02190 (C.D. Cal. Aug. 26, 2025); *Rocha Rosado v. Figueroa*, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *report and recommendation adopted* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Moraes v. Joyce*, No. 2:25-CV-00583-JAW, 2025 WL 3459583, at *4 (D. Me. Dec. 2, 2025); *Espinosa v. Noem*, No. 1:25-CV-1396, 2025 WL 3455533, at *8 (W.D. Mich. Dec. 2, 2025); *Moncada v. Noem*, No. 6:25-CV-3354-MDH, 2025 WL 3458894, at *4 (W.D. Mo. Dec. 2, 2025); *Soumare v. Jamison*, No. CV 25-6490, 2025 WL 3461542, at *3 (E.D. Pa. Dec. 2, 2025); *Andres v. Noem*, No. CV H-25-5128, 2025 WL 3458893, at *4 (S.D. Tex. Dec. 2, 2025); *Campos-Flores v. Bondi*, No. 3:25CV797, 2025 WL 3461551, at *5 (E.D. Va. Dec. 2, 2025); *Patel v. Harden*, No. 2:25-CV-870-JES-NPM, 2025 WL 3442706, at *4 (M.D. Fla. Dec. 1, 2025); *Sutuj v. Noem*, No. 25-CV-17169-ESK, 2025 WL 3461508, at *1 (D.N.J. Dec. 1, 2025); *Edahi v. Lewis*, No. 4:25-CV-129-RGJ, 2025 WL 3466682 (W.D. Ky. Nov. 27, 2025); *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at *12 (E.D.N.Y. Nov. 28, 2025); *Ruiz v. Baltazar.*, No. 1:25-CV-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025); *Gallegos Valenzuela v. Olson*, No. 25-CV-13499, 2025 WL 3296042, at *6 (N.D. Ill. Nov. 26, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314, at *6 (W.D. Tex. Nov. 26, 2025); *Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, at *8 (N.D. Ind. Nov. 25, 2025); *Ambrocio v. Noem*, No. 4:25CV3226, 2025 WL 3295530, at *6 (D. Neb. Nov. 25, 2025); *Lopez v. Raycraft*, No. 4:25CV2449, 2025 WL 3280344, at *4 (N.D. Ohio Nov. 25, 2025); *Quituisaca v. Bondi*, No. 6:25-CV-6527-EAW, 2025 WL 3264440, at *4 (W.D.N.Y. Nov. 24, 2025); *Rodriguez v. Hyde*, No.

1    In *Maldonado Bautista v. Santacruz*, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), the

2    district court granted partial summary judgment on behalf of the plaintiffs and certified a

3    nationwide class and extended declaratory judgment to the certified class on this issue.  In

4    *Maldonado Bautista*, the court defined the class as including "All noncitizens in the United States

5    without lawful status who: (1) have entered or will enter the United States without inspection; (2)

6    were not or will not be apprehended upon arrival; and (3) are not or will not be subject to

7    detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of

8    Homeland Security makes an initial custody determination." *Maldonado Bautista v. Noem*, No.

9    5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025).

10    Here, the Court agrees with Petitioner that he is a member of the class and entitled to a

11    bond hearing. He previously entered the United States without inspection, he has resided in the

12    United States since 2020, and he is not subject to detention under §§ 1226(c), 1225(b)(1), or

13    1231.  The court will next address why Petitioner is not subject to detention under the LRA (*see* §

14    1226(c)(1)(E)).

15

16

17    25-CV-607-JJM-PAS, 2025 WL 3274606, at *2 (D.R.I. Nov. 25, 2025); *Roman v. Olson*, No. CV 25-169-
DLB-CJS, 2025 WL 3268403, at *6 (E.D. Ky. Nov. 24, 2025); *S.D.B.B. v. Johnson*, No. 1:25-CV-882,
18    2025 WL 2845170, at *6 (M.D.N.C. Oct. 7, 2025); *Castillo v. Loza*, No. CV 25-1074 JB/JFR, 2025 WL
3251223, at *10 (D.N.M. Nov. 21, 2025); *Carlos v. Bondi*, No. 9:25-CV-00249-MJT-ZJH, 2025 WL
19    3252561, at *2 (E.D. Tex. Nov. 21, 2025); *Padilla v. Galovich.*, No. 25-CV-863-JDP, 2025 WL 3251446,
at *3 (W.D. Wis. Nov. 21, 2025); *Mayancela v. FCI Berlin*, No. 25-CV-348-LM-TSM, 2025 WL
20    3215638, at *2 (D.N.H. Nov. 18, 2025); *Villa v. Normand*, No. 5:25-CV-100, 2025 WL 3188406, at *8
(S.D. Ga. Nov. 14, 2025); *Delgado Avila v. Crowley*, No. 2:25-CV-00533-MPB-MJD, 2025 WL 3171175,
21    at *3 (S.D. Ind. Nov. 13, 2025); *Yupangui v. Hale*, No. 2:25-CV-884, 2025 WL 3207070, at *5 (D. Vt.
Nov. 17, 2025); *Chilel Chilel v. Sheehan*, No. C25-4053-LTS-KEM, 2025 WL 3158617, at *2 (N.D. Iowa
22    Nov. 12, 2025); *Martinez v. Hyde*, No. 25-CV-575-JJM-AEM, 2025 WL 3124025, at *2 (D.R.I. Nov. 7,
2025); *Godinez-Lopez v. Ladwig*, No. 2:25-CV-02962-SHL-ATC, 2025 WL 3047889, at *6 (W.D. Tenn.
23    Oct. 31, 2025); *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 WL 3022700, at *4 (E.D. Wis. Oct. 29,
2025); *Del Cid v. Bondi*, No. 3:25-CV-00304, 2025 WL 2985150, at *16 (W.D. Pa. Oct. 23, 2025); *Puga*
24    *v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *5
(S.D. Fla. Oct. 15, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486, 2025 WL 2496379 (E.D. Mich.
25    Aug. 29, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE, Doc. 20 (W.D. La. Aug. 27, 2025); *Leal-
Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Romero v.*
26    *Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Aguilar Maldonado v. Olson*,
No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Lopez Benitez v. Francis*, No. 25-Civ-
27    5937, 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL
2084238, at *9 (D. Mass. July 24, 2025).

28

1    II.    Applicability of LRA to Petitioner's Case

2         Respondents contend that Petitioner's arrest for battery resulting in serious bodily injury

3    to another under Cal. Penal Code § 243(d) qualifies under the LRA and subjects Petitioner to

4    mandatory detention under § 1226(c). The Court disagrees.

5         The LRA expanded § 1226(c) to include aliens who are inadmissible under §

6    1182(a)(i)(6)(A), such as Petitioner, and who have been "charged with, is arrested for . . . acts

7    which constitute the essential elements of any burglary . . ., or any crime that results in death or

8    serious bodily injury to another person." *See* § 1226(c)(1)(E)). Respondents contend Petitioner's

9    arrest for burglary with serious bodily injury fits this definition and therefore subjects Petitioner

10    to mandatory detention under § 1226(c).

11         First, Respondents only recently allege that Petitioner is subject to mandatory detention

12    under § 1226(c) pursuant to the LRA. Up to this point, Respondents have maintained that

13    Petitioner was subject to mandatory detention under § 1225(b). Petitioner notes that when

14    questioned by Petitioner's attorney, DHS stated on the record that Petitioner was subject to

15    mandatory detention under § 1225(b), and "as far as he could see," no other grounds. (Doc. 9-2 at

16    2.)

17         Respondents now allege this second basis for detention, but the only evidence proffered is

18    a rap sheet which indicates Petitioner was "Arrested/Detained/Cited" for the crime. (Doc. 8-1 at

19    5.) There is no distinction made between any of these terms, and being "detained" or "cited" for a

20    crime is insufficient under the LRA. There is also no evidence that the alleged crime resulted in

21    death or serious bodily injury to another. (Doc. 8-1 at 5.) Ans although Petitioner was arrested,

22    no complaint was ever filed. (Doc. 9-1 at 2-4.) Under California law, when an individual is

23    arrested but released with no filed accusatory pleading, "the arrest shall not be deemed an arrest,

24    but a detention only." Cal. Penal Code § 849.5. Thus, Petitioner's detention does not qualify

25    under § 1226(c)(1)(E)).

26         The Court further finds serious constitutional concerns would be presented if the LRA

27    encompassed Petitioner's arrest and subsequent release without the filing of a formal accusatory

28    pleading. In a similar case, the Massachusetts District Court concluded that mandatory detention

6

1    under the LRA for a Petitioner who was merely arrested for a crime violated that Petitioner's due

2    process rights. *See Doe v. Moniz*, 800 F.Supp.3d 203, 216 (D. Mass. Sept. 5, 2025). The *Moniz*

3    court noted that the Supreme Court had only upheld mandatory detention without a bond hearing

4    for nonresidents already present in the United States in cases where the individuals had sustained

5    convictions that "were obtained following the full procedural protections our criminal justice

6    system offers." *Demore v. Kim*, 538 U.S. 510, 513 (2003); *see also Zadvydas v. Davis*, 533 U.S.

7    678, 684-86 (2001). In *Moniz* as in the instant case, the Petitioner had received no process as to

8    his arrest or his detention. As Petitioner points out, applying § 1226(c) to him under the LRA

9    solely due to an arrest would subject him to mandatory detention without ever receiving due

10   process, either for a criminal proceeding to adjudicate guilt, or a bond hearing to evaluate flight

11   risk or dangerousness.  Denying a bond hearing in such a case would violate due process.

12   However, because the court does not find the LRA applicable in this case, the question is moot.

13   III.    Remedy

14            Petitioner contends that as a member of the *Maldonado Bautista* class, he is entitled to a

15   bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). *See Maldonado*

16   *Bautista*, 2025 WL 3289861, at *11.  He seeks release unless Respondents provide a bond

17   hearing under § 1226(a). (Doc. 1 at 4.) The Court agrees.

18                                               **ORDER**

19            For the foregoing reasons, IT IS HEREBY ORDERED:

20            1)   The petition for writ of habeas corpus is GRANTED;

21            2)   The motion for temporary restraining order, (Doc. 2), is DISMISSED as moot;

22            3)   Respondents are ORDERED to provide Petitioner, within fourteen (14) days, with an

23                  individualized bond hearing before an immigration judge that complies with the

24                  requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:

25                       a. "the government must prove by clear and convincing evidence that [Petitioner]

26                       is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638

27                       F.3d at 1203; and

28                       b. the IJ should consider Petitioner's financial circumstances or alternative

conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

4) In the event Respondents do not provide Petitioner with a bond hearing within the allotted time, Respondents are ordered to release Petitioner forthwith.

5) Respondent is directed to advise the Court as soon as the hearing is conducted, or in the alternative, when Petitioner is released.

6) The Clerk of Court is directed to enter judgment. Upon notice of the hearing having been conducted, or of Petitioner's release, the Court will direct the Clerk of Court to close the case.

IT IS SO ORDERED.

Dated:    **January 16, 2026**                    _/s/ Sheila K. Oberto_
                                          UNITED STATES MAGISTRATE JUDGE